UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:18-cv-01388-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND 28 U.S.C. § 1920<br><br>(Doc. 34) |

    Pending before the Court is the stipulated request of Plaintiff Ronnie Sanders ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $11,000.00, and costs in the amount of $400.00 under 28 U.S.C. § 1920, to counsel for Plaintiff, Lawrence D. Rohlfing.[1]  (Doc. 34).

    The parties agree that an award of attorney's fees to counsel for Plaintiff should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Lawrence D. Rohlfing.  *Id*. at 2.

    On January 21, 2025, the Court granted in part Plaintiff's motion for summary judgment and granted Defendant's motion for voluntary remand and remanded the case to the

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 13).

1

1  Commissioner for further proceedings consistent with the order. (Doc. 32). Judgment was
2  entered the same day. (Doc. 33). On February 28, 2025, Plaintiff filed the pending stipulation
3  for attorney fees as a prevailing party. (Doc. 34). *See Shalala v. Schaefer*, 509 U.S. 292, 300-
4  02 (1993) (concluding that a party who prevails with a sentence-four remand order under 42
5  U.S.C. § 405(g) is a prevailing party). Plaintiff's filing is timely. *Van v. Barnhart*, 483 F.3d
6  600, 607 (9th Cir. 2007). The Commissioner does not oppose the requested relief. (Doc. 34).

7  The EAJA provides for an award of attorney fees to private litigants who both prevail in
8  civil actions (other than tort) against the United States and timely file a petition for fees. 28
9  U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing
10 party unless it finds the government's position was "substantially justified or that special
11 circumstances make such an award unjust." *Id*. Here, the government did not show its position
12 was substantially justified and the Court finds there are not special circumstances that would
13 make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated
14 request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal.
15 Jan. 23, 2018) (finding position of the government was not substantially justified in view of the
16 Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL
17 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

18 Plaintiff requests an award of $11,000.00 in EAJA fees as authorized by 28 U.S.C. §
19 2412 and $400.00 in costs as authorized by 28 U.S.C. § 1920. (Doc. 34). The Ninth Circuit
20 maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for
21 increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-
22 77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the median of the published
23 maximum rate associated with the years (2018 through 2025) during which he engaged in
24 services in this case (which the Court computes as $223.37),[2] the requested award would
25 amount to approximately 49 hours of attorney time (not accounting for any paralegal time
26 expended). The Court finds this reasonable and commensurate with the number of hours an
27 attorney would need to have spent reviewing the certified administrative record in this case

28

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 3, 2025).

1 (approximately 3,022 pages; Doc. 16), preparing a motion for summary judgment that includes
2 ten pages of argument (Doc. 21 at 8-17), and preparing a reply brief that includes five pages of
3 argument (Doc. 31 at 2-6).  With respect to the results obtained, Plaintiff's counsel obtained a
4 favorable judgment remanding the case for further proceedings.  (Docs. 32, 33).

5 Under the EAJA, the Court also may award a judgment of costs to the prevailing party.
6 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920).  Costs include, among other things, court
7 filing fees, as requested by Plaintiff here.  *See* 28 U.S.C. § 1920 & (Doc. 34-1); *Armstrong v.*
8 *Astrue,* No. CIV-S-07-1456-DAD, 2008 WL 2705023, at *2 (E.D. Cal. Jul. 9, 2008) (granting
9 prevailing plaintiff's request for reimbursement of filing fee).

10 EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury
11 Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the
12 Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not
13 subject to any offset allowed under the TOP, the fees shall be delivered or otherwise
14 transmitted to Plaintiff's counsel.

15 Accordingly, it is HEREBY ORDERED:

16 1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 34) is
17    GRANTED; and

18 2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees
19    in the amount of $11,000.00 and in costs in the amount of $400.00 pursuant to the terms
20    set forth in the parties' stipulation.  (Doc. 34).  Fees shall be made payable to Plaintiff,
21    but if the Department of the Treasury determines that Plaintiff does not owe a federal
22    debt, then the government shall cause the payment of fees, expenses, and costs to be
23    made directly to Plaintiff's counsel, as set forth in the stipulation.

24 IT IS SO ORDERED.

25 Dated:   **March 3, 2025**                              _____
26                                                         UNITED STATES MAGISTRATE JUDGE